UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ARTHUR J. MOLLO, III, | ) |
| | ) |
|     Movant | ) |
| | ) |
| v. | ) 2:06-cr-00100-DBH |
| | ) 2:12-cv-00153-DBH |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent | ) |

**RECOMMENDED DECISION**

    Arthur Mollo filed what he has now identified as a motion to vacate under 28 U.S.C. § 2255 (ECF No. 90), seeking to modify or vacate the revocation judgment entered on December 20, 2010 (ECF No. 75), after hearing on the amended petition to revoke supervised release (ECF No. 64).  Mollo's primary complaint is that the Bureau of Prisons is not properly crediting his time served on this federal sentence because of his custodial status on state charges.  Mollo appealed from the revocation judgment on December 29, 2010.  His appeal is currently still pending in the First Circuit Court of Appeals and a PACER search reveals that the latest entry on that docket is an order granting the appellee an extension until June 7, 2012, to file its brief.  The briefing of the case was stayed while the case of Setser v. United States, 132 S. Ct. 1463 (2012), was pending in the United States Supreme Court.  See United States v. Mollo, Ct. App. No. 11-1022.  In this section 2255 motion, Mollo is once more raising issues regarding the computation of his federal sentence by the Bureau of Prisons.

    The First Circuit has long recognized that "in the absence of extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending." United States v. Gordon, 634 F.2d 638, 638 (1st Cir. 1980) (internal quotation marks omitted).  No such extraordinary

circumstances exist here.  Mollo requested the virtually identical relief in a September 29, 2011, motion to clarify sentence.  The Court denied that relief, indicating that it had no authority to amend its judgment or to grant administrative relief regarding the Bureau of Prisons' calculations.  Although I can appreciate what Mollo describes as the "time sensitive" nature of his challenge, since the underlying judgment involved only a thirty-three month sentence that is almost two-thirds completed, nevertheless these are not the sort of extraordinary circumstances that would warrant acting on a section 2255 motion while an appeal raising related issues is still pending.

This case is in the same posture as it was on November 21, 2011, when the trial judge denied this first motion, except that Mollo has obtained some "relief" from the state court in that his two state convictions have been amended to reflect that it was the intent of the state judiciary that his two sentences run concurrent with his federal sentence.  (Me. Super. Ct. Order on Am. Pet. for Post-Conviction Relief, ECF No. 90-1.)  That order does not alter the terrain in this federal case in that it does not alter or amend the judgment of this Court.  Nor does it address the issue of administrative exhaustion of remedies upon which this Court relied in its earlier order denying relief.  (<u>See</u> ECF No. 89.)  Mollo does not complain that his federal attorney provided ineffective assistance or that his constitutional rights were violated in any other fashion.  His plaint in this motion to vacate, as in his earlier motion to clarify sentence, is that he wants this Court to either correct its judgment or send a clarifying memorandum to the Bureau of Prisons so that he will receive additional time as credit on this sentence.

Based upon the fact that Mollo's direct appeal remains pending and the fact that this Court has previously denied a motion seeking the identical relief relying upon Mollo's failure to

exhaust administrative remedies, I recommend summary dismissal without prejudice of this petition pursuant to Rule 4(b) Rules Governing Section 2255 Proceedings.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

May 8, 2012                                           /s/ Margaret J. Kravchuk
                                                      U.S. Magistrate Judge